UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Magistrate No. 08-MG-256(JSM)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **ORDER FOR DETENTION** |
| ) | |
| v. ) | |
| ) | |
| DENNIS LEMKE, ) | |
| ) | |
| Defendant. ) | |

This matter was before the Court on June 20, 2008, for a preliminary hearing and a hearing on the government's motion for detention. Defendant was present and represented by Manny Atwal, Assistant Federal Defender. The government was represented by Nathan Petterson, Assistant United States Attorney. Probable cause was found and defendant was bound over for further proceedings by a United States Grand Jury. Based upon the evidence adduced, the arguments of counsel, and all the files and proceedings herein, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. In addition, the Court concludes by a preponderance of the evidence that no condition or combination of conditions will reasonably ensure defendant's appearance in court. Accordingly, the government's motion for detention without bond is granted.

**FINDINGS OF FACT**

1. Defendant is charged by complaint with production of child pornography, in violation of 18 U.S.C. § 2251(c). That

charge carries a maximum penalty of 30 years imprisonment, and a statutory minimum of 15 years imprisonment. Pursuant to 18 U.S.C. § 3142(e), a finding of probable cause that a violation of §2251 was committed results in a rebuttable presumption that no condition or combination of conditions will assure the appearance of the person as required and the safety of the community.

    2.   According to the testimony of Special Agent D. Ryan Williams, Special Agent with the Federal Bureau of Investigation (FBI), a federal search warrant was executed at defendant's St. Cloud residence on February 27, 2007. The search warrant was based on an investigation of child pornography, and officers seized computers, digital media, and a Minolta Dimage X digital camera. A forensic examination of the seized items was subsequently conducted. A large quantity of child pornography was found, including numerous images of child pornography taken with a Minolta Dimage X digital camera. According to the testimony of Special Agent Williams, defendant was identifiable in numerous images, and was photographing himself while engaged in sexually explicit conduct with prepubescent children. The images reflect multiple victims, all of whom appeared to Special Agent Williams to be under five years of age.

### DISCUSSION

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result

in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight.  United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).  As discussed supra, there is a rebuttable presumption in this case that no condition or combination of conditions will assure the appearance of the person as required and the safety of the community.

## CONCLUSION

Based upon the evidence presented, the Court concludes that defendant has failed to rebut the applicable presumption that no condition or combination of conditions will assure the appearance of the person as required and the safety of the community. Further, the government has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community. The Court is specifically concerned about safety of children in the community. In addition, the Court concludes that the government has shown by a preponderance of the evidence that no condition or combination of conditions of bond will reasonably ensure the defendant's appearance in court.  Although defendant has significant ties to the community, he is facing a substantial period of incarceration, in the event he is convicted of the instant charge.  Accordingly,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated:  June 30, 2008

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge